IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Geneva Elaine Hames, | C/A No. 4:19-1543-CMC |
| Petitioner, | |
| v. | **Opinion and Order** |
| Warden, Leath Correctional Institution, | |
| Respondent. | |

This matter is before the court on Petitioner's May 28, 2019 *pro se* petition filed in this court pursuant to 28 U.S.C. §2254, challenging her convictions in state court. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On May 30, 2019, the Magistrate Judge issued a Report recommending this matter be dismissed as successive. ECF No. 8. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Petitioner filed objections on June 13, 2019. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life &*

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Petitioner objects to the Report, arguing she does have permission from the Fourth Circuit to file a successive § 2254. ECF No. 11. In support of this, she attaches the Final Local Rule 40(d) Notice from the Fourth Circuit's ruling on Case No. 12-6805. ECF No. 11-1 at 1. Petitioner underlined the statement "[a] petition for writ of certiorari may be filed in the Office of the Clerk, Supreme Court of the United States . . . within 90 days of this court's entry of judgment or, if a timely petition for panel or *en banc* rehearing was filed, denial of rehearing." *Id.* She also attaches "newly discovered evidence," which appears to consist of a supplemental police report dated 11/07/06, and other evidence from the case. *Id.* at 3-4. The cover letter of these documents, from the Seventh Judicial Circuit Public Defender, notes this copy of Petitioner's file was sent September 25, 2013. *Id.* at 2. Finally, she attaches the Appeal Transmittal Sheet from her most recent appeal in Case No. 18-cv-1026, with the phrase "Court granted & did not revoke IFP status (continues on appeal)" underlined. *Id.* at 11.

None of these documents alter the conclusion of the Magistrate Judge that Petitioner's instant petition is successive. At best, these documents indicate the Fourth Circuit informed Petitioner of her right to seek certiorari from the Supreme Court, not to refile another § 2254 motion in this court.[1]

---

[1] The court notes Petitioner made the exact same arguments and filed the same documents in her last § 2254 motion brought before this court, which was dismissed as successive for the same
Footnote Continued . . .

2

Prior to filing a second or successive petition under § 2254, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing her to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This she has not done. Therefore, this petition is successive in nature and the court is without jurisdiction to consider it. Accordingly, after *de novo* review, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

reasons. *See* Case No. 18-cv-1026 at ECF NO. 18. Petitioner appealed the order dismissing that case to the Fourth Circuit, which dismissed the appeal. *Id.* at ECF No. 28.

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 19, 2019